UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICHARD SCHONINGER,  )<br>)<br>      *Plaintiff*  )<br>)<br>v.  )<br>)<br>M/V THREE OLIVES, O.N. 1168540,  )<br>in rem, et al.,  )<br>)<br>      *Defendants*  )<br>)<br>and  )<br>)<br>LYMAN MORSE BOATBUILDING  )<br>CO., INC.  )<br>)<br>      *Party-in-Interest*  )   | Civil No. 10-69-P-H |

### RECOMMENDED DECISION ON MOTION
### FOR INTERLOCUTORY SALE OF VESSEL

Plaintiff Richard Schoninger moves pursuant to Rule E(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure for interlocutory sale of the vessel M/V Three Olives ("Vessel"). *See* Motion for Interlocutory Sale of M/V Three Olives ("Motion") (Docket No. 31). For the reasons that follow, I recommend that the Motion be denied without prejudice on the showing made.[1]

### I. Applicable Legal Standards

Pursuant to Admiralty Rule E(9)(a)(i), the court may order the interlocutory sale of all or part of an attached or arrested property, with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await the court's further orders, if:

---

[1] My research indicates that courts have treated motions for interlocutory sale of a vessel as dispositive motions, with respect to which United States Magistrate Judges have issued recommended decisions. *See, e.g., Beach First Nat'l Bank v. Motor Yacht BAD HABIT*, C/A No. 2:09-372 DCN, 2009 WL 1649743, at *1-*2 (D.S.C. June 10, 2009); *20th Century Fox Film Corp. v. M.V. Ship Agencies*, 992 F. Supp. 1434, 1437-38 (M.D. Fla. 1997).

1

(A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;

(B) the expense of keeping the property is excessive or disproportionate; or

(C) there is an unreasonable delay in securing release of the property.

## II. Proposed Findings of Fact

1. The Vessel is a 38-foot recreational vehicle constructed in 2005 by Lyman Morse Boatbuilding Co., Inc. ("Lyman Morse.") Verified Complaint ("Complaint") (Docket No. 1) ¶ 3; Defendants M[/]V Three Olives and Ira J. Shapiro's Answer to Verified Complaint ("Shapiro Answer") (Docket No. 24) ¶ 3.

2. Defendant Ira J. Shapiro is the Vessel's owner. *Id.* ¶ 4.

3. On July 16, 2009, the plaintiff extended to Shapiro and a co-borrower, defendant Marc Jacobs, a term loan facility evidenced by a certain promissory note dated July 16, 2009 ("Note"), in the amount of $665,000. *Id.* ¶ 8. Shapiro and Jacobs are jointly and severally liable on the Note. *Id.*

4. At the same time, Shapiro executed and delivered to the plaintiff a mortgage on the Vessel, together with her engines, gear, tackle, apparel, furniture, equipment, and all other appurtenances ("Mortgage"), as security for payment of the Note. *Id.* ¶¶ 9-10.

5. On the maturity date of the Note, January 10, 2010, the co-borrowers failed to make the payment of $704,678.33 then due and payable. *Id.* ¶ 15. By letter dated January 20, 2010, the plaintiff notified each of Shapiro and Jacobs in writing that their failure to make the payment due on maturity constituted a default under the terms of the Note and Mortgage, and demanded payment in full of the past due payment in the then-current amount of $748,489 within two days of the date of notice. *Id.* ¶ 16. No payment was made. *Id.* ¶ 18.

6. The instant complaint was filed on February 17, 2010. *See* Complaint.

7. On February 22, 2010, on motions of the plaintiff, the court appointed Lyman Morse substitute custodian for the Vessel and issued a warrant for her arrest. Docket Nos. 8-9.

8. The Vessel was arrested on February 25, 2010. Docket No. 19.

9. The accruing charges for Lyman Morse's substitute custodianship are $1,362.33 per month. Affidavit of Michael Kaplan ("Kaplan Aff.") (Docket No. 31-1), attached to Motion, ¶ 2.

10. Notice of the Vessel's arrest was published in the Portland Press Herald on March 11, 2010. *Id*. ¶ 5; Notice of Publication (Docket No. 22).

11. To date, Lyman Morse is the only claimant to have appeared. Kaplan Aff. ¶ 5. On March 15, 2010, Lyman Morse filed a verified claim in the amount of $55,216.74, plus interest, on an asserted maritime lien arising from unpaid repairs, supplies, and other necessaries provided to the Vessel. Docket No. 21.

12. On March 19, 2010, Shapiro and the Vessel filed an answer to the complaint. Shapiro Answer.

13. The Clerk's Office has entered a default against Jacobs, no answer or responsive pleading having been filed by the deadline of March 22, 2010. Docket Nos. 26-27. On March 24, 2010, the plaintiff filed a motion for default judgment against Jacobs. Docket No. 28. On April 20, 2010, he also filed a motion for summary judgment against Shapiro and Jacobs *in personam* and the Vessel *in rem*. Docket No. 35. On April 27, 2010, Lyman Morse requested the entry of default against Shapiro on its cross-claim. Docket No. 38.

14. On April 13, 2010, the court approved the plaintiff's motion for attachment and attachment on trustee process against Shapiro in the amount of $300,000, finding that there was a reasonable likelihood that the plaintiff would recover judgment on the Note, including interest

and costs, in an amount equal to or greater than $750,000 and that the vessel likely would be worth less than $450,000.  Docket No. 34.

15. As of March 23, 2010, the Vessel is worth an estimated $450,000.  Kaplan Aff. ¶ 3; Survey Report (Docket No. 31-2), attached to Motion, at [3].  The Vessel was sold in 2008 for $459,000, and her value is not expected to go up unless there is a significant change in the market.  *Id*.

### III.  Proposed Conclusions of Law

1. The plaintiff seeks an interlocutory sale of the Vessel pursuant to Rule E(9) on grounds of unreasonable delay in securing release of the property and excessive and disproportionate expenses of keeping the Vessel under arrest and in custody.  *See* Motion at 2-3.

2. The Motion is unopposed.  *See* ECF Docket.  However, that does not relieve the court of the need to consider whether a sale should be ordered pursuant to Rule E(9).  *See, e.g., John W. Stone Oil Distrib., L.L.C. v. M/V LUCY*, Civil Action No. 09-4440, 2009 WL 4166605, at *1 (E.D. La. Nov. 20, 2009) (considering merits of unopposed motion for interlocutory sale of vessel); *Columbus Bank & Trust Co. v. M/V SHOOTING STAR*, Civil Action No. 09-CV-1569, 2009 WL 3824413, at *1 (W.D. La. Nov. 13, 2009) (same); *Vineyard Bank v. M/Y ELIZABETH I*, No. 08cv2044 BTM (WMC), 2009 WL 799304, at *1 (S.D. Cal. Mar. 23, 2009) (same).

3. The disjunctive language of Rule E(9) suggests, and at least some courts have held, that a lien holder need only show the existence of one of the three criteria set forth in the rule to obtain an order for interlocutory sale.  *See, e.g., M/V SHOOTING STAR*, 2009 WL 3824413, at *2; *M.V. Ship Agencies*, 992 F. Supp. at 1437.

4. The plaintiff fails to demonstrate that interlocutory sale of the Vessel currently can be justified on the ground of unreasonable delay.

5.      As of the date of filing of the Motion, March 25, 2010, only one month had elapsed since the Vessel's arrest.  The plaintiff argues, without citation to authority, that it is *per se* unreasonable for a vessel owner to make no attempt to release a vessel within a time period as short as one month.  *See* Motion at 3.  However, the caselaw is to the contrary, indicating that a delay of less than three-and-a-half or four months is *not* facially unreasonable.  *See, e.g., Gyasi v. M/V ANDRE*, No. 07-23282-CIV, 2008 WL 906761, at *2 (S.D. Fla. Apr. 1, 2008) ("The vessel has been under arrest for over three months, and Plaintiff insists that this is an unreasonable delay.  A three month delay, without more, is insufficient to merit interlocutory sale under Supplemental Rule E(9)(b)."); *Bank of Rio Vista v. Vessel CAPTAIN PETE*, No. C 04-2736CW, 2004 WL 2330704, at *2 (N.D. Cal. Oct. 14, 2004) ("A motion for interlocutory sale is not typically granted until enough time has passed to allow defendants to provide a bond to secure release of the vessel.  As a general rule, defendants are given at least four months to bond a vessel absent some other considerations."); *Boland Marine & Mfg. Co., LLC v. M/V A.G. NAVAJO*, No. Civ.A. 02-0658, 2002 WL 31654856, at *2 (E.D. La. Nov. 22, 2002) ("Courts have held that a lapse of three and one half months or more in securing the release of a vessel after its arrest constitutes an unreasonable delay.").  Some courts have gone so far as to hold that even if a Rule E(9)(a) criterion other than unreasonable delay is met, "[i]t is nevertheless inappropriate to order a sale before Defendants have been given a reasonable amount of time to release their property."  *Vessel CAPTAIN PETE*, 2004 WL 2330704, at *2.  Even as of this date, fewer than three months have elapsed since the date of the Vessel's arrest.

6.      Nor does the plaintiff make a persuasive case that the monthly custodial costs of $1,362.33 are either excessive or disproportionate.  He argues that those costs qualify as both excessive and disproportionate because the Vessel is worth less than the claims against her, and

the only effect of postponing the sale will be to increase the fees *in custodia legis* that must be paid first out of proceeds of the sale to the substitute custodian, thereby reducing the potential pool of funds available for claimants or, in the unlikely event of a surplus, to the owner. *See* Motion at 3.

      7.      Rule E(9)(a) "does not specify whether disproportionateness is measured against the amount sought or the value of the vessel." *M/V LUCY*, 2009 WL 4166605, at *1 n.2. Courts have used one or the other, or both, as comparators. *See, e.g., id*. at *1 n.2 & *2. To the extent that the plaintiff suggests that, for purposes of Rule E(9)(a), custodial costs, however modest, inherently are excessive and disproportionate if the value of the liens is expected to exceed the value of the vessel, *see* Motion at 3, he cites no authority for that proposition. Accordingly, I decline to embrace it.

      8.      Lyman Morse's monthly charge of $1,362.33 constitutes only 0.3 percent of the value of the Vessel and an even smaller percentage of the value of the liens against her. The plaintiff already has moved for both default judgment against Jacobs and summary judgment against Jacobs, Shapiro, and the Vessel, and Lyman Morse has requested the entry of default against Shapiro. Even if a period of 10 months were to elapse from the time of arrest to final judgment, Lyman Morse's total custodial charges of $13,623.30 would amount to only 3 percent of the Vessel's value. That cannot be said as a matter of law to be an excessive or disproportionate cost. *See, e.g., Adams Offshore, Ltd. v. Con-Dive, LLC*, Civil Action No. 09-0378-WS-B, 2010 WL 433676, at *1 (S.D. Ala. Feb. 1, 2010) (monthly custodial expenses of $5,092 were "a mere pittance" and hence not excessive compared with charges in cases on which plaintiff relied, in which monthly expenses of $17,000 30 years ago, $45,000, and $130,000 were held excessive; in addition, plaintiff's total expected custodial charges of $51,000 as of time of

trial, or barely 2 percent of equipment's forced liquidation value of $2,500,000, "cannot easily be called disproportionate"); *M/V A.G. NAVAJO*, 2002 WL 31654856, at *4 (plaintiffs failed to show that daily expenses of about $100 were excessive or disproportionate to vessel's estimated value of $300,000); *see also, e.g., M/V LUCY*, 2009 WL 4166605, at *1-*2 (total custodial expenses of $51,000, with an average additional cost of $528 per day, were excessive and disproportionate compared with total lien amount of $91,731.67).

### IV.  Conclusion

For the foregoing reasons, I recommend that the plaintiff's motion for interlocutory sale of the Vessel be **DENIED** without prejudice on the showing made.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 10th day of May, 2010.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge